**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-9-DLB**

**RUFFINO TELLEZ-ARAUJO**                                           **PETITIONER**

**vs.**                   **MEMORANDUM OPINION AND ORDER**

**SANDRA BUTLER, WARDEN**                                     **RESPONDENT**

*** *** *** ***

Ruffino Tellez-Araujo is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Tellez-Araujo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). For the reasons set forth below, the Court will **deny** Tellez-Araujo's petition.

In 2008, Tellez-Araujo was convicted of conspiring to distribute or possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Tellez-Araujo*, No. 3:07-cr-124-3 (M.D. Tenn. 2008). Tellez-Araujo was determined to be a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See United States v. Tellez-Araujo*, 407 F.App'x 32, 43 (6th Cir. 2011) (discussing the district court's determination "that Tellez was a career offender"). As a result, Tellez-Araujo's advisory guidelines range was 360 months to life in prison. *Id.* In 2009, the United States District Court for the Middle District of Tennessee sentenced Tellez-Araujo to a below-guideline sentence of 300 months imprisonment. *Id.*

Tellez-Araujo filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. *Id.* at 44-45. Notably, the Sixth Circuit stated that "[a]lthough the district court did find that Tellez was a career offender, this finding did not affect Tellez' sentence." *Id.* at 43. The court explained that "[a]lthough the district court did not explicitly state that it was not considering Tellez' career offender status, the point calculation used, and Tellez' sentence of 60 months below the bottom of the advisory Guidelines range, demonstrate that it was not a consideration in the district court's sentencing." *Id.*

Tellez-Araujo then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Tellez-Araujo v. United States*, No. 3:12-cv-260 (M.D. Tenn. 2012) (Doc. # 1 therein). However, the district court denied that motion, *see id.* (Doc. # 15 therein), and the Sixth Circuit denied Tellez-Araujo a certificate of appealability. *See Tellez-Araujo v. United States*, No. 12-5824 (6th Cir. 2013).

Tellez-Araujo has now filed a § 2241 petition with this Court. (Doc. # 1). Tellez-Araujo appears to be arguing that, in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines. (Doc. # 1).

As an initial matter, Tellez-Araujo's petition is unavailing because the career-offender enhancement did not affect his sentence. The Sixth Circuit recognized this fact in dismissing Tellez-Araujo's direct appeal, explaining that "the point calculation used, and Tellez' sentence of 60 months below the bottom of the advisory Guidelines range, demonstrate that it was not a consideration in the district court's sentencing." *Tellez-Araujo*, 407 F. App'x at 43. Thus, Tellez-Araujo's petition is unavailing.

In any event, Tellez-Araujo's § 2241 petition is also an impermissible collateral attack on his sentence. Although federal prisoners may challenge the legality of their sentence in a § 2255 motion, they generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). For that reason, a petitioner generally cannot use a § 2241 petition to challenge the legality of his sentence.

Instead, Tellez-Araujo argues that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition. The savings clause allows for a § 2241 petition to challenge the legality of a sentence if § 2255 "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). "Invocation of the savings clause is restricted to cases where prisoners can show an intervening change in the law that establishes their actual innocence." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (internal quotation marks and citation omitted). And "[t]he prisoner has the burden of proving that his remedy under section 2255 is inadequate or ineffective." *Id.*

Tellez-Araujo relies on the Sixth Circuit's recent decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to argue that his remedy under § 2255 is inadequate or ineffective. But that argument fails. In *Hill*, the Sixth Circuit held that, under certain circumstances, a prisoner may challenge a sentence enhancement in a § 2241 petition.

*See Hill*, 836 F.3d at 599-600. However, the Sixth Circuit expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. The trial court sentenced Tellez-Araujo in 2009—well after the Supreme Court decided *Booker* and held that the sentencing guidelines were advisory. And, in this case, the trial court imposed a sentence well below the applicable guidelines range, further distinguishing Tellez-Araujo's case from *Hill*. In short, Tellez-Araujo's argument regarding § 2255(e)'s savings clause and his reliance on *Hill* are unavailing. Accordingly,

**IT IS ORDERED** that:

1) Tellez-Araujo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**.

2) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3) Judgment shall be entered this date.

This 3rd day of August, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Tellez-Araujo 17-009-DLB Memorandum CDS.docx